IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BROWN INV. ADVISORY & TR. CO., | * | |
| Plaintiff | * | |
| v. | * | |
| | | CIVIL NO. JKB-19-2332 |
| DAVID T. ALLEN *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Brown Investment Advisory & Trust Company ("Brown") filed a Complaint in Interpleader naming David T. Allen, Joseph P. Allen IV ("J.P. Allen"), and Elizabeth Key as Defendants. Brown moves for leave to amend the complaint, and J.P. Allen opposes the amendment. The motion has been fully briefed, and no hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, the Court will grant Brown's motion for leave to amend the complaint.

### I. *Background*

Brown filed a Complaint in Interpleader alleging that Brown is subject to conflicting claims from J.P. Allen's brother, David Allen, and his daughter, Elizabeth Key, over control of two of J.P. Allen's financial accounts. (Compl., ECF No. 1.) David Allen and Elizabeth Key have potentially conflicting durable powers of attorney ("DPOAs") signed by J.P. Allen authorizing them to exercise control over J.P. Allen's financial accounts. (*Id.* ¶¶ 15–19, 28–30.) Elizabeth Key challenges J.P. Allen's mental competency at the time the David Allen DPOA was executed, thereby calling into question whether her earlier DPOAs were revoked by the later David Allen

1

DPOA. (*Id.* ¶ 37.) At the time the first Complaint was filed, Brown believed that it held both financial accounts. (*Id.* ¶ 1.)

After filing its Complaint, Brown became aware that it did not in fact hold J.P. Allen's accounts. Instead, Brown is the investment advisor for the disputed accounts, which are held by U.S. Bank, N.A. (Am. Compl. at 1, 3–4, ECF No. 29-3.) Based on this discovery, Brown seeks to amend the Complaint to reflect this new development. J.P. Allen is the only defendant who opposes Brown's motion to amend. (Opp'n Mot. Am. Compl., ECF No. 32.)

## II. *Analysis*

Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court should "freely give" a party leave to amend its pleadings "when justice so requires." *See Jones v. Ceres Terminal, Inc.*, Civ. No. JKB-14-1889, 2014 WL 5088281, at *2 (D. Md. Oct. 8, 2014) ("Whether to permit the Plaintiff to file an amended complaint is a question that falls within the Court's discretion . . . ."). "This directive gives effect to the federal policy in favor of resolving cases on the merits instead of disposing of them on technicalities." *Mayfield v. Nat'l Ass'n for Stock Car Auto. Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012). Consequently, "leave to amend a complaint should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edell & Assocs., P.C. v. Law Offices of Peter G. Angelos*, 264 F.3d 424, 446 (4th Cir. 2001).

A court may deny leave to amend as futile if the proposed amended complaint would not survive a motion to dismiss for failure to state a claim. *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008); *see Ross v. Cecil Cty. Dep't of Soc. Servs.*, Civ. No. WDQ-11-181, 2012 WL 346625, at *2 (D. Md. Jan. 31, 2012) (analyzing futility under Rule 12(b)). However, leave to amend should only be denied as futile when the proposed amended

2

complaint is clearly insufficient on its face. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). J.P. Allen does not directly argue that he opposes Brown's motion for leave to amend based on futility, but his response in opposition to Brown's motion for leave to amend is alternatively styled as a motion to dismiss Brown's Amended Complaint under Rule 12(b)(6). Accordingly, the Court will treat this as an argument against amendment based on futility.[1]

From the face of the parties' filings, there is clearly a dispute over whether J.P. Allen was mentally competent to enter into the DPOA granting David Allen control over the two accounts in question. J.P. Allen has already filed suit against Brown in Indiana based on Brown's failure to credit David Allen's DPOA. *See Joseph P. Allen, IV v. Brown Advisory, LLC, et al.*, Civ. No. JPH-DLP-19-04160 (S.D. Ind. filed Oct. 9, 2019). Thus, Brown's interest in the outcome of this dispute is far from hypothetical.[2] Whether interpleader relief or a declarative judgment is appropriate here is the subject of significant dispute among the parties, and it would be premature for the Court to resolve these complex legal arguments prior to providing the parties the opportunity to fully brief these issues. *See Johnson*, 785 F.2d at 511 ("The complexity of the arguments advanced by counsel on both sides indicate[d]" the legal issues were "not obviously frivolous"). At this juncture, it is sufficient that the Amended Complaint is not "clearly insufficient or frivolous on its face." *Id.* at 510. Based on the undisputed conflict over the dueling DPOAs held by David Allen and Elizabeth Key—and Brown's untenable position in the middle of their conflicting demands—the Court finds that amendment is not futile and will grant Brown's motion to amend the complaint.

---

[1] Because J.P. Allen does not raise the issues of potential prejudice or bad faith—and the Court sees no indication of either—the Court will solely consider the argument of futility.

[2] J.P. Allen's argument that Brown has no standing to bring a claim for a declarative judgment because Brown has no "'personal stake in the outcome of the controversy'" rings hollow when J.P. Allen himself has already sued Brown based on this precise dispute. (Opp'n Mot. Am. Mem. at 9–10, ECF No. 32-1 (quoting *Kenny v. Wilson*, 885 F.3d 280, 287 (4th Cir. 2018).)

### III.   Conclusion

Accordingly, an Order shall enter granting Brown's motion for leave to amend the complaint. Because the new Amended Complaint supersedes the prior Complaint, all pending motions or cross-claims related to the original Complaint are moot. Therefore, the Court's Order will also deny any such pending motions without prejudice to refiling as they become timely.

DATED this __5__ day of February, 2020.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
Chief Judge