IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **BROWN INV. ADVISORY & TR. CO.,** | * |
| **Plaintiff** | * |
| v. | * |
| **DAVID T. ALLEN** *et al.*, | * |
| **Defendants** | * |

CIVIL NO. JKB-19-2332

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Brown Investment Advisory & Trust Company ("Brown") filed a Motion for Clerk's Entry of Default against Defendant David T. Allen ("D.T. Allen"). (Mot. Entry Default, ECF No. 51.) D.T. Allen opposes this motion. (ECF No. 55.) The motion has been fully briefed, and no hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, the Court will deny Brown's motion.

*I. Background*

Brown filed a Complaint in Interpleader alleging that Brown is subject to conflicting claims from J.P. Allen's brother, D.T. Allen, and his daughter, Elizabeth Key, over control of two of J.P. Allen's financial accounts. (Compl., ECF No. 1.) D.T. Allen and Elizabeth Key have potentially conflicting durable powers of attorney ("DPOAs") signed by J.P. Allen authorizing them to exercise control over J.P. Allen's financial accounts. (*Id.* ¶¶ 15–19, 28–30.) Elizabeth Key challenges J.P. Allen's mental competency at the time the D.T. Allen DPOA was executed, thereby

calling into question whether her earlier DPOAs were revoked by the later D.T. Allen DPOA. (*Id.* ¶ 37.)

D.T. Allen did not file any responsive pleading to the first Complaint, though he did file an affidavit attached to J.P. Allen's motion to dismiss stating that he "will not be filing an Answer or otherwise asserting any claim" in this action. (D.T. Allen Aff., Mot. to Dismiss, Ex. 4, ECF No. 7-5.) He further stated that he "will not be asking the Court for any relief," though he has not, to this Court's knowledge, revoked his claim that he is the rightful holder of the DPOA. (*Id.*) D.T. Allen did, however, file a motion to dismiss Elizabeth's Key's cross-claim against him with the assistance of counsel. (ECF No. 22.) Later, when Elizabeth Key filed a motion to consolidate this case with another, D.T. Allen joined J.P. Allen in filing a joint opposition to this request. (ECF No. 33.)

Brown then moved to amend its Complaint, which this Court granted. (*See* Am. Compl., ECF No. 40.) Once again, D.T. Allen did not file a responsive pleading, but instead filed another affidavit attached to J.P. Allen's motion to dismiss the Amended Complaint, stating that he "will not be filing an Answer or otherwise asserting any claim" and does not "have any interest in pursuing" his role as a defendant in this case. (Second D.T. Allen Aff., Mot. Dismiss, Ex. 2, ECF No. 46-3.) D.T. Allen, represented by counsel, also filed a motion to dismiss Elizabeth Key's renewed cross-claim against him. (ECF No. 47.)

On March 9, 2020, Brown filed a motion for clerk's entry of default in light of D.T. Allen's failure to file a responsive pleading to the Complaint or the Amended Complaint. On March 19, 2020, D.T. Allen filed a motion to dismiss the Amended Complaint. (ECF No. 54.) On March 23, 2020, D.T. Allen filed a response in opposition to Brown's motion for the entry of default.

**II.     Legal Standard and Analysis**

Federal Rule of Civil Procedure 55(a) provides that the clerk must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." However, "[t]he fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so." 10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2682 (4th ed. 2020). Furthermore, "'when it is apparent that in the exercise of its discretion the default will be set aside on motion,'" the Court need not enter a default. *Betz v. First Credit Servs., Inc.*, 139 F. Supp. 3d 451, 455 (D.D.C. 2015) (quoting *Brown v. Weschler*, 135 F.Supp. 622, 624 (D.D.C. 1955)). Accordingly, if the Court finds that it would set aside an entry of default against D.T. Allen, the Court may exercise its discretion and deny a motion for the entry of default.

Rule 55(c) provides that a court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The decision whether to set aside an entry of default pursuant to a Rule 55 motion "'lies largely within the discretion of the trial judge.'" *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006) (quoting *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)). The Fourth Circuit of the United States Court of Appeals has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc*., 616 F.3d 413, 417 (4th Cir. 2010). Accordingly, "Rule 55(c) motions must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" *Id.* at 421 (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)).

Courts consider six factors when determining whether to set aside an entry of default pursuant to Rule 55: (1) "whether the moving party has a meritorious defense,"

(2) "whether it acts with reasonable promptness," (3) "the personal responsibility of the defaulting party," (4) "the prejudice to the party," (5) "whether there is a history of dilatory action," and (6) "the availability of sanctions less drastic." *Payne*, 439 F.3d at 204–05. "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988).

The Court has weighed the *Payne* factors and determines that, because the Court would grant a motion to set aside an entry of default here, the Court will decline to enter default against D.T. Allen. First, the Court finds that D.T. Allen has a meritorious defense: he believes he is the rightful holder of the DPOA. Though D.T. Allen did not file a responsive pleading on time, after the motion for entry of default was filed, he moved quickly to file both a motion to dismiss and an opposition to the entry of default within two weeks. He was aware of this litigation—and indeed, filed multiple documents in this case with the assistance of counsel—and the Court finds he is responsible for his repeated failure to properly respond to Brown's Complaints. His desire to not take part in this litigation, when his claim to be the rightful holder of the DPOA is indeed the entire reason for the litigation, carries no weight with the Court.

Though several of these factors weigh in favor of the entry of default, the Court finds that the preference for deciding matters on their merits makes an entry of default inappropriate here. Brown requests that if default is not entered, the Court order D.T. Allen to pay Brown's "fees incurred in preparing its opposition to D.T. Allen's untimely motion to dismiss, in moving for an entry of default, and replying to his opposition thereto." (Reply at 11, ECF No. 58.) The Court in its discretion declines to award sanctions here, as D.T. Allen's failure to timely respond did not meaningfully delay the proceedings in this matter.

## III.    *Conclusion*

For the foregoing reasons, an Order shall enter denying Brown's Motion for Entry of Default against Defendant David T. Allen.

DATED this 24th day of June, 2020.

BY THE COURT:

_____/s/_____

James K. Bredar
Chief Judge
