IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BROWN INV. ADVISORY & TR. CO.,** | * | |
| **Plaintiff** | * | |
| v. | * | |
| | | **CIVIL NO. JKB-19-2332** |
| **DAVID T. ALLEN *et al.*,** | * | |
| **Defendants** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

The Court notes the agreement of Brown Investment Advisory & Trust Company ("Brown Advisory"), David T. Allen ("D.T. Allen"), Elizabeth Key ("Key"), and Dr. Joseph P. Allen ("Dr. Allen") that the Court has jurisdiction and authority to determine Dr. Allen's mental competency and that the Court may make this competency determination on its own without the need or involvement of a jury. (ECF Nos. 80, 82, 86, 87.) As such, the Court treats both issues as settled questions.

Although Brown Advisory and D.T. Allen declined to propose an expert witness to assess Dr. Allen's competency at this time, Key and Dr. Allen both confirmed in their statements to the Court that they have been unable to agree on a joint expert. (ECF Nos. 80, 82, 86, 87.) Dr. Allen proposed that each party select its own expert and bear its own costs in doing so. (ECF No. 86.) Key proposed that each party select its own expert and that those two experts would jointly agree on a third independent expert to perform an in-person competency examination of Dr. Allen. (ECF No. 87.) In the alternative, counsel for Key requested an additional 7 days to work with opposing counsel to vet experts who could perform the competency evaluation of Dr. Allen in person. (ECF

No. 87.) Key's counsel indicated in this request that counsel for Dr. Allen consented to the additional requested time. (ECF No. 87.)

The Court has considered these proposals and accepts Dr. Allen's request that each party select its own separate expert and bear its own costs. Further, the Court denies Key's request for a 7-day extension for the parties to vet additional experts to conduct an in-person competency examination of Dr. Allen. Pursuant to the Scheduling Order of July 2, 2020, the Court maintains the previously ordered deadlines regarding the submission of expert reports, notice regarding rebuttal experts, and submission of rebuttal expert reports. (ECF No. 76.) Each party also may depose the other party's expert by November 9, 2020 at the latest, provided that such deposition is limited to two hours in duration.

Additionally, the Court is prepared to describe the contours of the hearing regarding Dr. Allen's competency with greater detail now. During the competency hearing, each of the parties contesting competency (Key and Dr. Allen) may present the testimony of their own expert plus two lay witnesses regarding Dr. Allen's current mental competence to litigate and his mental competence in April and September 2019 to execute a general durable power of attorney identifying his brother, David T. Allen, as his attorney-in-fact. (Compl. Ex. A-7, ECF No. 1-9; Compl. Ex. A-8, ECF No. 1-10; Mot. Dismiss Mem. Supp. Ex. 3, ECF No. 7-4.) Dr. Allen himself should be called to testify (presumably virtually), and Dr. Allen's counsel is instructed to facilitate his testimony. The Court will set the date and final details for this hearing during the conference call on October 6, 2020, as noted in the Scheduling Order of July 2, 2020. (ECF No. 76.)

Pursuant to the above, the Court now sets and confirms the following dates and deadlines regarding the issue of Dr. Allen's competency:

| | |
|---|---|
| September 21, 2020 | Deadline for submission of expert(s) report(s) and notice regarding rebuttal expert(s). |
| October 5, 2020 | Deadline for submission of rebuttal expert report(s). |
| | If expert report(s) are filed prior to September 21, 2020, rebuttal reports will be due two weeks from the filing of the expert report(s). |
| October 6, 2020, 2:00 p.m. | Scheduling call to set date for competency hearing. Counsel for Dr. Allen shall set up the call. |
| November 9, 2020 | Deadline for conclusion of deposition of opposing party's expert. Such deposition is limited to a duration of two hours. |

DATED this __13__ day of August, 2020.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
Chief Judge

3