IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BROWN INV. ADVISORY & TR. CO.,** | * | |
| **Plaintiff** | * | |
| v. | * | CIVIL NO. JKB-19-2332 |
| **DAVID T. ALLEN,** *et al.*, | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

David C. Allen ("D.C. Allen") moves to intervene in Plaintiff Brown Investment Advisory & Trust Company's ("Brown") action in interpleader as a Defendant and requests leave of Court to file a cross-claim seeking declaratory judgment against Defendant David T. Allen ("D.T. Allen"). (ECF No. 92.) No hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, D.C. Allen's Motion will be DENIED without prejudice to reconsideration after the determination of J.P. Allen's competency is made.

## I. *Background*

J.P. Allen has signed multiple durable powers of attorney ("DPOA") and medical powers of attorney ("MPOA") over the years, alternately designating his brother, D.T. Allen; his son, D.C. Allen; and his daughter, Elizabeth Key ("Key") as his attorney-in-fact or health care agent in different instruments. Of relevance to this motion to intervene, J.P. Allen named Key as his attorney-in-fact and D.C. Allen as his successor attorney-in-fact in DPOAs signed in 2013 and 2014 (collectively, the "Key DPOAs"). (Mot. Intervene at 2, ECF No. 92 (citing Compl. Exs. A-3, A-4, ECF Nos. 1-5, 1-6).) Further, J.P. Allen designated D.C. Allen as his health care agent in

two medical powers of attorney ("MPOA"), one in 2009 and one in 2013. (Mot. Intervene Exs. 1, 2, ECF Nos. 92-1, 92-2.) In 2019, however, J.P. Allen named D.T. Allen as his attorney-in-fact in two DPOAs (Mot. Intervene at 2) and his health care agent in three MPOAs (Mot. Intervene Exs. 3, 4, 5, ECF Nos. 92-6, 92-7, 92-8).

In August 2019, Brown brought claims for interpleader and a declaratory judgment against J.P. Allen, D.T. Allen, and Key to determine who has the authority to control two of J.P. Allen's financial accounts. (Compl., ECF No. 1.) Separately, Key initiated guardianship proceedings in the District of Columbia, in which D.C. Allen filed to intervene in November 2019. (J.P. Allen Opp'n at 3, ECF No. 100.) Recognizing that J.P. Allen's mental competency is a key antecedent question to the resolution of the instant case, this Court ordered the parties to file supplemental briefings on this issue in January 2020. (ECF No. 31.) Key and J.P. Allen are set to jointly submit an expert report evaluating J.P. Allen's competency by October 12, 2020. (ECF No. 101.)

## II. *Motion to Intervene*

D.C. Allen asserts that he is entitled to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2), and failing that, requests permissive intervention under Rule 24(b)(1)(B). (Mot. Intervene.) Brown and Key consent to D.C. Allen's motion to intervene (*see id.* at 2; ECF No. 102), but J.P. Allen and D.T. Allen oppose his motion both as of right and permissively (ECF Nos. 100, 103).

District courts have broad discretion to grant or deny intervention. *Stuart v. Huff*, 706 F.3d 345, 350 (4th Cir. 2013) ("Rule 24's requirements are based on dynamics that develop in the trial court and . . . the court is accordingly in the best position to evaluate [them]."). Liberal intervention is desirable to involve as many concerned individuals and dispose of as much of the controversy as comports with efficiency and due process. *Feller v. Brock*, 802 F.2d 722, 729

2

(4th Cir. 1986). Courts are reluctant to grant intervention, however, where the intervenor appears to have known of the litigation and delayed unduly in seeking to intervene. 7C Charles Alan Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice & Procedure: Civil* § 1916 (3d ed. 2018).

### A. *Intervention as of Right*

To qualify for intervention as of right under Rule 24(a)(2), "the moving party must show that (1) it has an interest in the subject matter of the action, (2) disposition of the action may practically impair or impede the movant's ability to protect that interest, and (3) that interest is not adequately represented by the existing parties." *Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 120 (4th Cir. 1981).

D.C. Allen's motion to intervene as of right is doomed as to the first factor because he does not have an interest in the subject matter of this dispute. To qualify for mandatory intervention, an intervenor must demonstrate "a significantly protectable interest," *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991) (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971)), meaning "a present, substantial interest as distinguished from a contingent interest or mere expectancy." *In re Penn Central Commercial Paper Litigation*, 62 F.R.D. 341, 346 (S.D.N.Y. 1974) (internal quotations and citation omitted). Although D.C. Allen argues that he has a legally cognizable interest as J.P. Allen's successor attorney-in-fact under the Key DPOAs and as J.P. Allen's health care agent under the 2009 and 2013 MPOAs (*see* Mot. Intervene at 6), neither is sufficient to trigger mandatory intervention. D.C. Allen's purported role as J.P. Allen's health care agent is irrelevant to the control of J.P. Allen's disputed accounts constituting the basis of Brown's interpleader and declaratory judgment actions, and at best, he holds a contingent future interest in the Key DPOAs as the successor attorney-in-fact in case of Key's death or incapacity.

Further, even if he could demonstrate a significantly protectable interest at risk of impairment under the first two prongs, D.C. Allen's interests are adequately represented by Key. "When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the [movant] must demonstrate adversity of interest, collusion, or nonfeasance." *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976) (internal citation omitted). Key and D.C. Allen advocate for the same outcome in these proceedings—a finding that the Key DPOAs are valid and in full force and that the DPOAs naming D.T. Allen as attorney-in-fact are null and void. D.C. Allen argues that Key cannot represent his interests with respect to his alleged MPOAs, which are not implicated by the interpleader over J.P. Allen's financial accounts, and he makes conclusory assertions that Key cannot "fully and adequately represent [his] interests with respect to the general powers of attorney" (Reply at 6, ECF No. 104), but such statements do not discharge his burden of rebutting the presumption of adequate representation. Accordingly, D.C. Allen's application for intervention as of right fails.

### B. *Permissive Intervention Under Rule 24(b)*

A court *may* permit anyone to intervene, who (1) makes a "timely motion," and (2) "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In deciding whether to permit intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Unlike intervention as of right, "[p]ermissive intervention is wholly discretionary with the district court even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir.

4

1984) (internal citations omitted). Indeed, even where a party may qualify for intervention, courts retain the discretion to consider other factors, including

> the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case. The court may also consider whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

First, D.C. Allen asserts that his motion is timely because the dispute is in early stages before this Court. (Mot. Intervene at 8–9.) Although motions for both types of intervention must be timely, the standard courts apply for determining timeliness is stricter for permissive intervention than for mandatory intervention. *Brink v. Dalesio*, 667 F.2d 420, 428 (4th Cir. 1981). Finding that D.C. Allen is not entitled to intervene as of right, the Court analyzes the timeliness of his motion under the more stringent standard.

To determine whether D.C. Allen's motion is timely, the Court weighs (1) "how far the underlying suit has progressed"; (2) "why the movant was tardy in filing its motion"; and (3) "the prejudice any resulting delay might cause the other parties." *Alt v. U.S. Env't Prot. Agency*, 758 F.3d 588, 591 (4th Cir. 2014); *see also NAACP*, 413 U.S. at 366 ("Timeliness is to be determined from all the circumstances."). The Court retains "wide discretion" in evaluating timeliness. *Bond v. Cricket Communications, LLC*, Civ. No. MJG-15-923, 2017 WL 4838754, at *5 (D. Md. Oct. 26, 2017).

While D.C. Allen's motion could be considered timely under the relaxed standard of mandatory intervention, a fact-intensive analysis of the circumstances here indicate that his motion

is not timely for the purposes of permissive intervention. D.C. Allen correctly notes that the Court has yet to make a finding with respect to the antecedent question of J.P. Allen's competency to litigate this case, so the Court has not reached the merits of the dispute. He does not, however, explain why he delayed his motion to intervene for more than a year since Brown filed its Complaint in this case (*see* ECF No. 1) and almost eight months since the Court issued its Order of January 13, 2020 soliciting supplemental briefings on the threshold issue of J.P. Allen's competency (*see* ECF No. 31). Additionally, D.C. Allen seeks to expand the temporal scope of the competency proceedings by one month to evaluate J.P. Allen's competency in March 2019, a question bearing on the validity of his purported status as J.P. Allen's health care agent, which is not at issue in the instant case. In evaluating the prejudice to the parties as a result of this change, the Court weighs potential delays to the proceedings "against the advantages of the disposition of all the claims or defenses in one action." 7C Charles Alan Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice & Procedure: Civil* § 1913 (3d ed. 2018). Although the delay entailed by such an expansion of scope may indeed be minimal as D.C. Allen argues, the Court finds that his intervention at this time would nonetheless entail undue delay because it would not be advantageous to the just and speedy resolution of this action. Accordingly, D.C. Allen's motion is not timely, and he is not entitled to permissive intervention at this time.[1]

Even if D.C. Allen's motion were timely, the Court would nonetheless decline to permit him to intervene at this stage in the proceedings. Given the limited nature and scope of D.C. Allen's interest in this case and the fact that his interests are being adequately represented by Key, his intervention at this juncture is inappropriate. *See Spangler*, 552 F.2d at 1329.

---

[1] Although D.C. Allen shares a common question of fact—regarding J.P. Allen's competency—with the main action, the untimeliness of his motion is fatal to his request for permissive intervention, so the Court does not discuss this element.

6

### III. Conclusion

For the foregoing reasons, an Order shall enter DENYING D.C. Allen's motion to intervene without prejudice to reconsideration after J.P. Allen's competency has been determined.

DATED this 28 day of September, 2020.

BY THE COURT:

James K. Bredar
Chief Judge