## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BROWN INV. ADVISORY & TR. CO., | * |
| Plaintiff | * |
| v. | CIVIL NO. JKB-19-2332 |
| DAVID T. ALLEN, *et al.*, | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff-Appellant Brown Investment Advisory & Trust Co. ("Brown") has submitted four Statements of Proceedings (collectively, the "Statements") for the Court's settlement and approval pursuant to Federal Rule of Appellate Procedure 10(c). (ECF Nos. 151, 151-1.) Defendant-Appellees Dr. Joseph P. Allen, IV ("J.P. Allen"), David T. Allen ("D.T. Allen"), and Elizabeth Key jointly objected to Brown's Statements (ECF No. 151-2) and also filed a Joint Reply Opposing FRAP 10(c) Lawyer Summaries (ECF No. 152). For the reasons set forth below, the Court DENIES Brown's Motion and declines to settle and approve Brown's Statements for supplementation of the appellate record in this case.

### I. *Background*

The factual and procedural history of this case has been set forth in the Court's previous Orders and Memoranda, and the Court will not repeat it here. On March 31, 2021, the Court granted Defendant-Appellees' Joint Motion to Dismiss Brown's claims in interpleader and for

1

declaratory judgment. (ECF Nos. 143, 144.) Brown filed a notice of appeal with the Fourth Circuit on April 22, 2021. (ECF No. 145.)

## *II. Legal Standard*

Brown now seeks to supplement the record on appeal with narrative summaries of status conferences that the Court held with the parties in the course of this case. In order to "give an appellant the opportunity to reconstruct an otherwise insufficient record," *United States v. Locust*, 95 F. App'x 507, 512 (4th Cir. 2004), Federal Rule of Appellate Procedure 10(c) provides that when "the transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." After the appellant serves its statement on the appellee, the appellee is given fourteen days to serve objections or proposed amendments, and then the statement and any objections or proposed amendments must be served on the district court for settlement and approval. Fed. R. App. P. 10(c).

## *III. Analysis*

Brown's Statements purportedly summarize telephonic status conferences held in this matter on July 2, 2020, October 6, 2020, January 8, 2021, and February 12, 2021. (*See* ECF No. 151-1.) The Statements, which span twenty-seven single-spaced pages and are presented in a detailed narrative format, include quotations attributed to the Court and counsel. (*Id.*) In their Joint Objections to Brown's Rule 10 Statements,[1] Defendant-Appellees dispute the accuracy of the Statements generally, but jointly aver that they do not "remember the specifics of every

---

[1] Defendant-Appellees filed their Joint Reply Opposing FRAP 10(c) Lawyer Summaries (ECF No. 152) directly with the Court six days after Brown filed the Statements and Defendant-Appellees' Objections (*see* ECF Nos. 151, 151-2). Rule 10(c) does not contemplate an appellee's filing of a reply or additional objections to an appellant's statement with the Court, and as a result, the Court declines to consider Defendant-Appellees' Joint Reply in deciding the instant Motion. *See* Fed. R. App. P. 10(c) ("The statement must be served on the appellee, who may serve objections or proposed amendments within 14 days after being served. The statement and any objections or proposed amendments must then be submitted to the district court for settlement and approval.").

2

telephone call with sufficient clarity to settle and approve Brown's extremely detailed proposed statements." (ECF No. 151-2 at 9.)

The Court finds that supplementation of the record under Rule 10(c) would be inappropriate in this case for numerous reasons. First, the Court has reviewed Brown's Statements, and although they strike chords of recollection in many respects, the Court is unable to conclusively verify their accuracy. Absent an agreement between the parties with respect to the content of such status conferences, the Court declines to reconstruct the status conferences from its own memory, which is imperfect. *See United States v. Cramer*, Crim. No. MAC-16-0026, 2020 WL 8920386 (E.D. Tex. Jan. 30, 2020) (declining to settle and approve a party's proposed statement where "the court is unable to remember the specifics of the conference with sufficient clarity"). Second, Brown did not object to holding the status conferences off the record and made no contemporaneous requests to go on the record. *See Cox v. Gen. Elec. Co.*, 302 F.2d 389, 390 (6th Cir. 1962) ("It is clear that it was the responsibility of appellant's counsel to have a record made of any off-the-record colloquies with the court that he wished to preserve."); *Cox v. United States*, 284 F.2d 704, 710 (8th Cir. 1960) ("Of course, it was counsel's responsibility to see that a record was made at the time if he was then interested in preserving his objection."). Third, and perhaps most importantly, Brown's recollections of the status conferences do not constitute the "best available means" of evincing what transpired during these status conferences, all of which were memorialized in Court Orders issued and docketed in this case. (*See* ECF Nos. 76, 77, 111, 113, 126, 135.) *See United States v. Peach*, Crim. No. JWB-95-10052, 2020 WL 5118555, at *3 (D. Kan. Aug. 31, 2020) (declining to settle and approve an appellant's proposed statement of informal pretrial proceedings where the record included "contemporaneous minute sheets and clerk's entries that were filed to reflect the course of the proceedings"); *Morning Sun Brooks, Inc. v. Div. Point Models, Inc.*, Civ. No. CCC-11-0608, 2019 WL 4785633, at *3 (D.N.J. Sept. 30,

3

2019) (denying an appellant's proposed statement in part because "the Court memorialized the conference with its own order," which "sufficiently embodies what transpired during the telephone conference").

The Court further notes that Brown has not explained why supplementation of the appellate record is necessary in this case "to reconstruct an otherwise insufficient record." *Locust*, 95 F. App'x at 512. Indeed, each status conference described in Brown's Statements was recorded through Court Orders docketed in this case, and Brown does not allege that the Court made any oral rulings or Orders that are not reflected on the docket. Rule 10(c) is a tool for supplementing an incomplete record on appeal, not a mechanism for providing additional narrative context to contemporaneously recorded proceedings.

## IV. Conclusion

Accordingly, Brown's Motion to supplement the record with the Statements (ECF No. 151) is DENIED, and the Court declines to settle and approve Brown's Statements.

DATED this 25 day of May, 2021.

BY THE COURT:

James K. Bredar
Chief Judge